Julia I. Dickenson, a femme sole, *Relator*, vs. L. L. Parks, as Judge of the Circuit Court of the Thirteenth Judicial Circuit of Florida, in and for Hillsborough County, *Respondent.*

140 So. 459.

En Banc.

Opinion filed March 29, 1932.

*Dickenson & Lake,* and *Edwin R. Dickenson,* for Relator; *Sutton, Tillman & Reeves,* for Respondent.

Terrell, J.—In May, 1931, Hillsborough County, through its Board of County Commissioners, brought a Creditor's Bill or suit for an accounting against W. A. Dickenson, Julia I. Dickenson, and Fidelity and Casualty Company of New York. The Bill of Complaint was filed in the Circuit Court of Hillsborough County, Judge F. M. Robles and Judge L. L. Parks presiding. In June, 1931, no order having been made in the cause and Judge Robles having entered his certificate of disqualification, Julia I. Dickenson moved to disqualify Judge L. L. Parks on the ground of prejudice. Judge Parks overruled the motion for his disqualification and Julia I. Dickenson at once filed her suggestion for writ of prohibition in this Court. A rule to show cause was issued and to said rule, respondent L. L. Parks has entered his return.

The return to the rule to show cause presents two questions for our determination; viz., Is the County of Hillsborough a necessary party to this proceeding, and was the motion to disqualify Judge Parks properly overruled?

As to whether or not Hillsborough County, the complainant in the Creditor's Bill was a necessary party to the proceeding in prohibition, it is not out of place to say that we are here dealing with the common law writ of prohibition, that at common law said writ was sued out in the name of the crown or the state, if the suit complained of was brought by a private person, he might be joined as defendants, but when the suit was prosecuted on behalf of the government, the writ was directed to the court only. This rule prevails in the United States where not modified by statute. In some jurisdictions the only necessary defendant is the tribunal whose proceedings are sought to be restrained unless the statute or rule of court requires other interested persons

to be made parties, or, at least to be given notice of the proceeding and afforded an opportunity to resist it. 22 R. C. L. 28.

The common law practice has generally been followed in this state. We have no statute nor rule of court which requires other interested persons to be made parties to the suggestion for the writ, though Section 3586 Revised General Statutes of 1920 (Section 5451 Compiled General Laws of 1927) requires that the rule to show cause shall be directed to and served on the inferior court and the parties plaintiff in the suit therein pending. The rule to show cause in the instant case does not appear to have been so directed but it was directed to and served on the Judge of that court and he has made his return thereto. He is the essential party respondent and ordinarily we would pronounce the service and return sufficient but if rights are involved which make it essential that the parties plaintiff in the inferior court be served with and given an opportunity to plead to the rule to show cause, it may on proper showing be amended and the proceeding take that course. Ex parte Indiana Transportation Company, 242 U. S. 281, 37 Sup. Ct. 126, 61 L. Ed. 301.

It is settled law in this state that prohibition may be an appropriate remedy to prevent judicial action, when the judge is disqualified, as well as when the judge is without jurisdiction to act in the cause. State ex rel. Reynolds vs. White, 40 Fla. 297, 24 So. 160; State ex rel. Burr vs. Whitnew, 66 Fla. 24, 63 So. 299; State *ex rel.* Bank of America vs. Rowe, 96 Fla. 277, 118 So. 5.

Did the motion to disqualify Judge Parks comport with the requirements of the law authorizing such motions? It was grounded on the "prejudice of the judge" and was made pursuant to Section 2673 Revised General Statutes of 1920 (Section 4341 Compiled General Laws of 1927). It was supported by the affidavit and certificate

of the movant which in turn were supported by the affidavit of two reputable citizens as the statute requires.

It is contended by the respondent that said affidavit was insufficient in law to show prejudice on the part of Judge Parks and that consequently it was properly rejected and the motion to disqualify properly overruled. We think this holding was erroneous. Omitting the formal parts, the affidavit is as follows:

"Before the undersigned authority, personally appeared Julia I. Dickenson, who being first duly sworn according to law, deposes and says, that she is a party to an action or proceeding now pending in the Circuit Court of the Thirteenth Judicial Circuit of Florida in and for Hillsborough County, in Chancery, towit, the above entitled cause. Affiant further says that she fears that she will not receive a fair trial in the court where the said suit is pending on account of the prejudice of the Judge of said court, towit, L. L. Parks, before whom the same cause has been set down, in favor of the adverse party, and also fears that she will not receive a fair trial in the said court where this cause is now pending as aforesaid on account of the prejudice of the said judge of the said court, to-wit, L. L. Parks, before whom the same has been set down, against her.

Affiant further says that the facts and reasons for her belief as above stated, that such bias or prejudice exists in the mind of the said Judge against her and in favor of the adverse party, is this to-wit, that the said L. L. Parks for many years prior to his appointment on the bench as Circuit Judge of this Court, and up to about the time of his appointment as Circuit Judge of this court, was a member of the law firm of Shackleford & Parks, which said law firm consisted of T. M. Shackleford, senior member of the firm, and the said L. L. Parks as the junior member of the firm, and that the testimony in this case to be offered by both parties, complainant and defendants, will consist almost entirely of the testimony of T. M. Shackleford, for the complainant and Peter O. Knight for the defendants, and that a decision of the matters involved

will depend almost entirely upon credit given by the said Judge to the testimony of these two gentlemen, and that during the time the said T. M. Shackleford and the said L. L. Parks were associated together as law partners, and ever since said time, there has existed between them the closest friendship and confidential relations, and that they are yet closest personal friends, and there is still existing that close relationship between them, and that by reason of his said relations with, and association with the said T. M. Shackleford, the said L. L. Parks will be biased and 'prejudiced' in favor of the cause of the complainant and against this defendant.

And this affiant further says, that the reason why she believes that the said L. L. Parks will be prejudiced against her personally is the fact that in 1928 in a certain cause pending in the Supreme Court of Florida wherein the State of Florida Ex Rel. Vincent Nuccio Jr. was relator, and the State and the said L. L. Parks was respondent, the said cause being an application by the said State of Florida Ex Rel. Vincent Nuccio Jr. for Writ of Prohibition against the said L. L. Parks, and in said cause the Supreme Court of Florida did issue the Alternative Writ and the said L. L. Parks did thereupon, and upon the return date of the said Alternative Writ, file his return thereto, W. B. Dickenson, the brother of this affiant, being one of the attorneys representing the State of Florida Ex Rel. Vincent Nuccio Jr., and in and by his said return, the said L. L. Parks did say over his signature that he was so prejudiced against said W. B. Dickenson that he could not give to the said W. B. Dickenson a fair trial in any cause, but did deny that he would visit his prejudice upon the clients of the said W. B. Dickenson; this affiant further says that W. B. Dickenson is of counsel for her in this cause, and that the said W. B. Dickenson is her brother, and that she has reason to, and does believe, that the said Judge L. L. Parks by reason of such facts, is, and will be, so prejudiced against her by reason of her relationship and the fact of W. B. Dickenson as her attorney, that he

will not, and cannot give her a fair trial in said cause.

Affiant further says that she could not file this affidavit of disqualification ten days before the beginning of the term of court as reqiured by Section 4341 of the Compiled General Laws of Florida, for the reason that this suit was not commenced until after the beginning of the present term of court and therefore this affiant had no knowledge that said suit would be filed in time to file this affidavit ten days before the beginning of the term, the said bill of complaint in said cause being filed on May 8th, 1931, after the opening of the present term of court.''

The statute requires the affidavit to state such facts as cause movant to ''fear'' that he will not receive a fair trial because of prejudice of the judge. The affidavit as quoted is sufficient for that purpose. We will not attempt to particularize except to say that it recites facts and circumstances that would lead any normal human being in the position of relator to ''fear'' that he would not receive a fair trial and the reasons as stated are not frivolous or fanciful but they are substantial and plausible. Prejudice of a judge is a delicate question to raise but when raised as a bar to the trial of a cause, if predicated on grounds with a modicum of reason, the judge against whom raised, should be prompt to recuse himself. No judge under any circumstances is warranted in sitting in the trial of a cause whose neutrality is shadowed or even questioned.

It was proper for Judge Parks to examine the affidavit for the purpose of determining whether or not it met all the requirements of the statute and to determine its legal sufficiency. He has no right to pass upon the truth or falsity of the facts alleged therein, neither can he adjudicate the question of his disqualification. If he finds the affidavit legally sufficient, he is left with no alternative but to retire from the cause as directed by the statute. Berger et al. vs. United States, 255 U. S. 22, 41

Sup. Ct. 230, 65 L. Ed. 481; Suarez vs. State, 95 Fla. 42, 115. So. 519.

In the Berger case, the Supreme Court of the United States considered and construed a statute very similar to the one involved in this case and it was there held that the facts alleged in the affidavit would be sufficient if alleged on information and belief. If the facts revealed have relation to the attitude of mind of the judge to the defendant in the inferior court and are not frivolous or fanciful they are sufficient to meet the command of the statute.

But it is contended that such an interpretation would open the way for widespread abuse of the statute in the matter of the disqualification of judges. The answer to this contention is that the legislature must have been cognizant of such anticipated abuses but approved the act on the theory that it was fraught with countervailing benefits. At any rate the courts can deal with it only as enacted and enforce it according to the intent of the legislature. In this interpretation, we fail to see any serious impediment to the administration of justice. In fact the act embodies in its terms precaution against abuse. When one judge is disqualified, another is immediately substituted and the cause proceeds in the orderly way. It is a matter of no concern what judge presides in a particular cause, but it is a matter of grave concern that justice be administered with dispatch, without fear or favor or the suspicion of such attributes. The outstanding big factor in every lawsuit is the truth of the controversy. Judges, counsel, and rules of procedure are secondary factors designed by the law as instrumentalities to work out and arrive at the truth of the controversy.

The judiciary cannot be too circumspect, neither should it be reluctant to retire from a cause under circum-

stances that would shake the confidence of litigants in a fair and impartial adjudication of the issues raised. As was enunciated by this Court in State ex rel. Mickler vs. Rowe, 100 Fla. 1382, 131 So. 331:

> "Every litigant, including the state in criminal cases, is entitled to nothing less than the cold neutrality of an impartial judge." it is the duty of courts to scrupulously guard this right of the litigant and to "refrain from attempting to exercise jurisdiction in any matter where his qualification to do so is seriously brought in question. The exercise of any other policy tends to discredit and place the judiciary in a compromising attitude which is bad for the administration of justice."

Power vs. Chillingworth, 93 Fla. 1030, 113 So. 280; State vs. Chillingworth, 93 Fla. 1107, 113 So. 563; State ex rel. First American Bank and Trust Co. vs. Chillingworth, 95 Fla. 699, 116 So. 633; Suarez vs. State, supra; McGregor vs. Hammock, 101 Fla. 1170, 132 So. 815.

It follows that the writ of prohibition should issue from this Court prohibiting Judge L. L. Parks from exercising jurisdiction in or making any order or decree in the suit of Hillsborough County vs. W. A. Dickenson, Julia I. Dickenson and Fidelity and Casualty Company of New York, now pending in the Circuit Court of Hillsborough County, Florida.

BUFORD, C.J., AND WHITFIELD, ELLIS, BROWN AND DAVIS, J.J., concur.