97 So.2d 181 (1957)
Charles Edward CROSBY, Appellant,
v.
The STATE of Florida, Appellee.
Supreme Court of Florida.
October 11, 1957.
Rehearing Denied December 9, 1957.
*182 C.J. Hardee, Sr., and Robert J. Fishkind, Tampa, for appellant.
Richard W. Ervin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
KNOTT, Circuit Judge.
On March 2, 1955, the County Solicitor of Hillsborough County, Florida, filed a criminal information charging appellant Crosby and one Lee R. Baker with attempted robbery. Crosby entered a plea of guilty as charged in the information and was adjudged guilty by the Honorable L.A. Grayson, the Judge of the Criminal Court of Record. Sentence was deferred pending an investigation by the court's probation officer. Baker pleaded not guilty, a severance was granted and he was later placed on trial. Crosby, who as yet had not been sentenced was subpoenaed as a witness for both the State and the defense at Baker's trial. He was not called as a witness by the State but did testify as a witness for the defense at the trial on September 15, 1955, at which Judge Grayson presided. The following proceedings transpired while Crosby was on the witness stand:
"(Questions by Assistant County Solicitor McLean:)
"Q. Isn't it a fact that you, together with other juveniles, were arrested out here in this Six Mile Creek Area and thereabouts, in recent months, in connection with this Root Beer Gang that has been given too much publicity in newspapers? A. Yes, sir, but I wasn't arrested as a member of the Root Beer Gang.
"Q. As a matter of fact, they have taken out warrants for you for fondling a little girl out there? Haven't they?
"Mr. Johnson: I object to all this, your Honor. He is coming in with statements of arrest and I believe your Honor is allowing him to go beyond the reasonable bounds of questioning here, when you are supposed to ask questions pertaining to this particular case.
"The Court: Let the Jury be withdrawn.
"(The Jury was withdrawn.)
"The Court: In view of this witness's testimony I don't see why this case should go along any further. If the jury were to convict this defendant, I don't think I could let it stand. I don't see any use in prolonging the agony here any more.
"Now, this witness may be lying and I don't know whether he is or not, but, certainly, his testimony is more than adequate, in my judgment, to cast a reasonable doubt on the guilt of the accused. I'm not going to go along any further with it. I don't see any use to take up any more time in cross-examination. I have heard all I want to know and when he goes off the stand, I am instructing the Sheriff to take him into custody and hold him without bond and bring him up for sentence next Monday.
"Mr. Clerk, in the morning, instruct the Probation Officer to discontinue his investigation. I don't want to put a man like that on probation. I am not going to waste any more time with him.

*183 "Mr. Johnson: But, you are not, your Honor, punishing this man for telling the truth, are you?
"The Court: No, because I don't think he is telling the truth. I am punishing him for telling a lie. The whole bunch of them. I think he is a liar from the word `go.' Bring back the jury. I'll stop the case. You are not concerned with this fellow.
"(The Jury returned to the court room.)
"The Court: Gentlemen, after the cross-examination of this witness and when the defendant would have rested his case, counsel would have renewed his motion for a directed verdict, which has already been made and denied; but, in the light of this testimony, I don't see how in the world you could find the defendant guilty, or how I could allow it to stand if you did.
"Now, you may think this fellow is the biggest liar in the world and I'll go along with you. I think so, too. But, I think his testimony is enough to cast sufficient doubt that an appellate court would not allow a verdict of guilty to stand. I am going to take the case from you at this time, direct a verdict of not guilty for the defendant.
"The most that can be said here, is a strong suspicion. This fellow is being investigated for probation. He has told me enough about himself, sitting right there under oath, to where I will never put him on probation. So, I direct the Sheriff to take him into custody and put him on for sentence next Monday on his guilty plea.
"You can take him out, Mr. Sheriff, and put him in the cooler."
After Baker's trial, Crosby (hereinafter referred to as the defendant) filed affidavit and application for disqualification of Judge Grayson, with supporting affidavits, pursuant to Sec. 38.10, F.S., F.S.A., citing the statements made by the latter concerning the defendant during Baker's trial, referred to above, as a basis for his fear that he would not receive a fair trial at the hands of Judge Grayson and his contention that Judge Grayson was prejudiced against defendant and disqualified to sit as a fair and impartial Judge in any future proceedings in the defendant's case. At the same time, defendant filed a motion to withdraw his plea of guilty and for permission to plead not guilty, asserting that he had a meritorious defense. In support of that motion, defendant alleged that he had been reluctantly persuaded to enter the guilty plea by his attorney on assurance that he would be placed on probation, upon representations allegedly made to his attorney by the county solicitor's office, whereas if he went to trial he would probably be convicted and receive a penitentiary sentence, even if not guilty.
The court entered orders denying the defendant's application for disqualification and his motion to withdraw his plea of guilty, and thereupon sentenced the defendant to three years' imprisonment.
We are called upon initially to determine whether the Judge of the lower court erred in refusing to disqualify himself. We think error was committed.
The statute, Sec. 38.10, supra, requires the affidavit to state such facts as cause the movant to "fear" that he will not receive a fair trial because of prejudice on the part of the judge. The facts set forth in the affidavit here under consideration are sufficient for that purpose under the interpretation of the statute given in State ex rel. Brown v. Dewell, 131 Fla. 566, 179 So. 695, 697, 115 A.L.R. 857, where we said, "the test of the sufficiency of the affidavit is whether or not its content shows that the party making it has a well-grounded fear that he will not receive a fair trial at the hands of the judge. It is not a question of how the judge feels; it is a question of *184 what feeling resides in the affiant's mind, and the basis for such feeling."
In applying the test, the function of the trial court is limited to a determination of the legal sufficiency of the affidavit, without reference to its truth and veracity. If the allegations are sufficient, the judge must retire from the case. Dickenson v. Parks, 104 Fla. 577, 140 So. 459.
It is our conclusion that the affidavit suggesting the disqualification of the trial judge in the case before us shows plainly that he should have recused himself and not participated further in the case. The language of this court in State ex rel. Davis v. Parks, 141 Fla. 516, 194 So. 613, 615, is peculiarly apropos in the present instance. There we said:
"This Court is committed to the doctrine that every litigant is entitled to nothing less than the cold neutrality of an impartial judge. It is the duty of Courts to scrupulously guard this right and to refrain from attempting to exercise jurisdiction in any matter where his qualification to do so is seriously brought in question. The exercise of any other policy tends to discredit the judiciary and shadow the administration of justice.
"It is not enough for a judge to assert that he is free from prejudice. His mien and the reflex from his court room speak louder than he can declaim on this point. If he fails through these avenues to reflect justice and square dealing, his usefulness is destroyed. The attitude of the judge and the atmosphere of the court room should indeed be such that no matter what charge is lodged against a litigant or what cause he is called on to litigate, he can approach the bar with every assurance that he is in a forum where the judicial ermine is everything that it typifies, purity and justice. The guaranty of a fair and impartial trial can mean nothing less than this."
We hold that the trial judge should have disqualified himself, and declined to proceed further in the case. It follows that he was without authority to act upon the defendant's motion to withdraw his plea of guilty, and his ruling on that motion was erroneous for that reason. We are constrained to observe, however, that the grounds of the motion to withdraw the plea of guilty were sufficient in any event to justify the relief sought, under the principles followed by this court in the case of Rubenstein v. State, Fla., 50 So.2d 708, and the cases therein cited.
The judgment and sentence below are reversed, and the cause remanded with directions to proceed in a manner consistent with the views set forth in this opinion.
ROBERTS, DREW and O'CONNELL, JJ., concur.
THOMAS, Acting C.J., and THORNAL, J., dissent.