CHARLES CARROLL, Judge
(dissenting).
I respectfully dissent.
“ ‘Every litigant, including the state in criminal cases, is entitled to nothing less than the cold neutrality of an impartial judge.’ It is the duty of courts to scrupulously guard this right of the litigant and to refrain from attempting to exercise jurisdiction in any matter where his qualification to do so is seriously brought in question. The exercise of any other policy tends to discredit and place the judiciary in a compromising attitude which is bad for the administration of justice.” State ex rel. Mickle v. Rowe, 100 Fla. 1382, 131 So. 331, 332.
When presented with a motion for his disqualification, a judge “has no right to pass upon the truth or falsity of the facts alleged therein; neither can he adjudicate the question of his disqualification. If he finds the affidavit legally sufficient, he is left with no alternative but to retire from the cause, as directed by the statute.” Dickenson v. Parks, 104 Fla. 577, 140 So. 459, 462. It is the duty and the function of the judge to whom such a motion is addressed to examine the motion and its supporting affidavits to see if they meet the requirements as to form, and to determine the legal sufficiency thereof. If the judge finds they are sufficient in legal form and substance he may make no other order in the cause than one for his disqualification. Dickenson v. Parks, supra.
This court, on prohibition relating thereto, has no broader leeway on consideration of the motion than had the trial judge. That is, if this court finds the state’s disqualification application as made in the trial court was adequate in form, and legally sufficient, the writ of prohibition should be granted. Prohibition should be denied only if the disqualification application is found by this court to be deficient in form or legally insufficient.
Rule 1.230 CrPR provides: “The state or the defendant may move to disqualify the judge assigned to try the cause on the grounds: that the judge is prejudiced against the movant or in favor of the adverse party; * * * The rule further provides: “Every motion to disqualify shall be in writing and be accompanied by two or more affidavits setting forth the facts relied upon to show the grounds for disqualification, * * *
*147 The state attorney in moving for disqualification on behalf of the state, tracking the language of the rule charged prejudice of the respondent judge, and alleged the belief that the state would not receive a fair trial. Attached to the motion were affidavits, as provided for by the rule, in which it was said that the respondent judge had stated “There is no such thing as a good Grand Jury Indictment. They are all bad.” Also, that the respondent judge had stated “I don’t like immunity. I don’t believe in immunity”, and had stated that he was philosophically opposed to the granting of immunity to a witness, and that he would not rely upon the testimony of a potential defendant who had been immunized.
In the state attorney’s motion for disqualification it was alleged that in the case to be tried the state would be required to place material reliance on the testimony of a witness who had been granted immunity, and that because of the demonstrated prejudice of the trial judge against use of an immunized witness, the state could not receive a fair trial in the cause before the respondent judge.
I do not disagree with the view expressed by the majority that the fact that the trial judge had stated “There is no such thing as a good Grand Jury Indictment” did not constitute a legally sufficient ground for disqualification of the judge; or that the statements of the trial judge that he did not like immunity and was philosophically opposed to the established practice of granting immunity to a witness did not amount to a legally sufficient ground for disqualification. Those rulings are supportable on the authority of State ex rel. Sagonias v. Bird, Fla. 1953, 67 So.2d 678.
Where I disagree in this case is that, contrary to the holding of the majority, it is my opinion that the statement attributed to the trial judge that he would not rely on the testimony of a potential defendant who has been immunized, constituted a legally sufficient ground for disqualification of the judge for prejudice against the state in a case in which the prosecution must rely in material part upon the testimony of such a witness.
The holding in the Bird case does not cover or extend to a situation such as that mentioned in the preceding paragraph. It is one thing for a judge to express disapproval of an established rule of law or legal practice. That, as held in the Bird case, does not necessarily mean the judge would not follow the provision of law which he disapproves. It is an entirely different matter, however, for a judge, in addition to expressing disapproval of a rule or principle of law, to state or imply he would not apply it or give it due effect.
In State ex rel. Brown v. Dewell, 131 Fla. 566, 179 So. 695, 697, 115 A.L.R. 857, the Supreme Court said:
“The test of the sufficiency of the affidavit is whether or not its content shows that the party making it has a well-grounded fear that he will not receive a fair trial at the hands of the judge. It is not a question of how the judge feels; it is a question of what feeling resides in the affiant’s mind, and the basis for such feeling.”
The fear expressed by the state attorney that the state would not receive a fair trial in the cause before the respondent judge, appears to be soundly and reasonably based. For instance, as argued here on behalf of the state, even though the trial should be before a jury, prejudice to the state’s case could result from remarks, attitude or demeanor of the judge toward or with reference to an immunized witness while testifying or with respect to his testimony, where it appears from his alleged prior statements the trial judge views such a witness with disdain or even reprehension. Also, as brought out by the state, if called upon to determine the sufficiency of *148 the evidence, which it is shown will depend in material part on the testimony of an immunized witness, as on a motion of a defendant for a directed verdict of acquittal, the prior statement of the trial judge that he would not be willing to rely upon the testimony of an immunized witness could affect his ruling on such a matter to the prejudice of the state as a party to the case.
It is not necessary that it be established with certainty that such prejudice will actually occur in the trial. In State ex rel. Davis v. Parks, 141 Fla. 516, 194 So. 613, 615, the Supreme Court stated that to force a party to trial in face of the fear which the motion for disqualification warrants, would impose on that party a condition contrary to every principle devised for the administration of justice under our system of jurisprudence, and added “There may in reality, be little basis for his fear but if it’s there, the renunciation of the trial judge won’t efface it. There is no reason why he should not and every reason why he should recuse himself under the circumstances.” Likewise, in State ex rel. La Russa v. Himes, 144 Fla. 145, 197 So. 762, 763, in speaking of a party who had sought disqualification for prejudice expressing fear that he would not receive a fair trial, the Supreme Court said: “Fear that he will not have a fair trial may in some cases be a mental attitude but if the conduct of the judge has been such as to create it, the law requires that he recuse himself. It may ultimately be as devoid of reality as the cenotaph is to the remains of the hero it commemorates but if conclusively shown that the seed of fear was planted and the facts related gave a reasonable man ground for belief that the judge is prejudiced, that is sufficient.”
The writ of prohibition should have been granted.