348 So.2d 398 (1977)
The STATE of Florida, Petitioner,
v.
Ralph Howard STEELE, Respondent.
No. 76-2086.
District Court of Appeal of Florida, Third District.
July 26, 1977.
*399 Richard E. Gerstein, State Atty. and John P. Durant, Asst. State Atty., for petitioner.
Colin Guy, Miami, for respondent.
Before HENDRY, C.J., and PEARSON and HUBBART, JJ.
HUBBART, Judge.
This is a traffic infraction proceeding in which a motorist was adjudged guilty of a traffic offense and fined. The circuit court reversed and the State petitions this court for a writ of certiorari.
*400 The issue presented for review is whether a hearing officer on a traffic infraction hearing may precede the hearing with an opening statement discouraging charged motorists from pleading not guilty by giving a law lecture on alleged frivolous defenses to traffic infractions and, in particular, stating that there is no defense to a traffic infraction involving a rear-end collision except total brake failure. We hold that such an opening statement is improper as a general rule and in particular constitutes a basis to recuse the judge in a traffic infraction proceeding conducted thereafter in which a motorist is charged with a traffic offense involving an alleged rear-end collision. We, accordingly, find no departure from the essential requirements of law in the circuit court's reversal of the traffic infraction conviction herein and deny the State's petition for a writ of certiorari.

I
On February 22, 1976, the respondent Ralph Steele was issued a traffic ticket for careless driving resulting in a rear-end collision in violation of Section 316.030, Florida Statutes (1975). On April 25, 1976, the case came on for a trial before a hearing officer, the Honorable Judge James Rainwater of the County Court of Dade County, Florida.
Prior to calling the case, the judge made a lengthy opening statement to the courtroom of ticketed motorists whose cases were on the court calendar for that evening. In the statement, he gave a law lecture on alleged frivolous defenses to various offenses, the import of which was to discourage not guilty pleas. Specifically, he stated that under the law there was no defense to a traffic offense involving a rear-end collision except total brake failure. He emphasized that he did not want to hear any defenses which he thought were frivolous. He did not explain basic court procedures, the various pleas which could be entered or any of the rights of the ticketed motorists.
The judge then called the respondent Steele's case along with a companion case. The respondent Steele was represented by counsel who entered a plea of not guilty to the charge and requested the judge to recuse himself from the case based upon his opening statement. The following proceedings took place:
"[DEFENSE COUNSEL]: On behalf of the Defendant Steele, my name is Colin Guy. I represent him, and we would enter a plea of not guilty at this time.
Your Honor, I have a motion to make at this time.
I would ask the Judge, this Honorable Court to recuse itself from this type of case. It is a rear end collision and you made a specific statement that there is no defense to a rear end collision.
THE COURT: There is none.
Your motion is denied. That is the law and I am not going to repeat myself by telling you about the law.
Obviously, there is no other excuse. It might be in a civil case, but not in a traffic case because you run into the rear of someone, then you are guilty unless you have brake failure.
If you do not have brake failure, anything you tell me is simply in mitigation of what happened.
There is no defense.
MR. GUY: Then I feel that the Court has prejudged the case.
THE COURT: No.
I am just quoting you the law." [Emphasis added]
Prior to taking testimony, the judge qualified his statements on the alleged law of rear-end collisions by announcing that he had been talking only of a "true rear-end collision" by which he meant to exclude a case where "somebody cuts in front of you."
The judge took testimony thereafter which revealed that in the early evening hours of February 22, 1976, the respondent Steele was driving his car south in the left hand lane on South Dixie Highway in Dade County, Florida. It had been raining earlier and it was still drizzling. The traffic was moderate to heavy. Traveling ahead of the Steele vehicle was a large van which blocked Steele's view of the traffic ahead of *401 the van. Steele was traveling within the 45 mph speed limit at the time at about 34-40 mph. The van then switched lanes suddenly revealing just ahead in Steele's lane, a vehicle in the process of stopping for another vehicle which in turn was stopped to make a left hand turn off South Dixie Highway. Steele applied his brakes immediately but they did not take hold causing him to rear-end the vehicle stopped ahead of him. This vehicle in turn rear-ended the vehicle stopped ahead of it.
At the close of the evidence, defense counsel argued to the judge that Steele was not guilty of careless driving because the accident under the circumstances was unavoidable due to the sudden appearance of the stopped vehicle on a fast-moving thoroughfare after the van had changed lanes together with the unexpected brake failure of the Steele vehicle. The judge found the defendant guilty as charged and fined him $100 plus $4 court costs.
The respondent Steele appealed his conviction to the Circuit Court for the Eleventh Judicial Circuit of Florida. Section 318.16(1), Florida Statutes (1975). The circuit court heard the appeal and entered an order reversing the conviction with directions to afford the defendant a new trial before another hearing official. The circuit court concluded that the judge should have recused himself in view of his opening statement to the ticketed motorists which in effect pre-judged the respondent's case prior to hearing any evidence. The State now petitions this court for a writ of certiorari seeking to quash the circuit court's decision.

II
It is the established law of this State that every litigant, including the State in criminal cases, is entitled to nothing less than the cold neutrality of an impartial judge. It is the duty of the court to scrupulously guard this right of the litigant and to refrain from attempting to exercise jurisdiction in any manner where his qualification to do so is seriously brought into question. The exercise of any other policy tends to discredit and place the judiciary in a compromising attitude which is bad for the administration of justice. Crosby v. State, 97 So.2d 181 (Fla. 1957); State ex rel. Davis v. Parks, 141 Fla. 516, 194 So. 613 (1939); Dickenson v. Parks, 104 Fla. 577, 140 So. 459 (1932); State ex rel. Mickle v. Rowe, 100 Fla. 1382, 131 So. 331 (1930).
A judge must not only be impartial, he must leave the impression of impartiality upon all those who attend court. Anderson v. State, 287 So.2d 322 (Fla. 1st DCA 1973). The attitude of the judge and the atmosphere of the courtroom should be such that no matter what charge is lodged against a litigant or what cause is before the court, the judge can approach the bar with every assurance that he is in a forum which is everything a court represents: impartiality and justice. The due process guarantee of a fair trial can mean nothing less than this. State ex rel. Davis v. Parks, 141 Fla. 516, 194 So. 613 (1939).
The prejudice of a judge is a delicate question for a litigant to raise but when raised as a bar to the trial of a cause, if predicated on grounds with a modicum of reason, the judge in question should be prompt to recuse himself. No judge under any circumstances is warranted in sitting in the trial of a cause whose neutrality is shadowed or even questioned. Dickenson v. Parks, 104 Fla. 577, 140 So. 459 (1932); State ex rel. Aguiar v. Chappell, 344 So.2d 925 (Fla. 3d DCA 1977).
In the instant case, the judge delivered an opening statement to the respondent and the other ticketed motorists in the court audience which placed in question his impartiality to sit on the respondent's case. He gave a law lecture on defenses to traffic charges the import of which was to discourage the entry of not guilty pleas and defenses to traffic charges upon pain of incurring the judge's disfavor. At no time during this lecture did he explain the rights of the ticketed motorists in court nor the basics of court procedure. Almost the entire statement was taken up telling litigants about defenses the judge considered frivolous *402 and did not wish to hear. In our judgment, this alone disqualified him from sitting as a judge on the respondent's case.
We think it is entirely proper for a traffic judge or hearing officer to give a brief opening statement to the assemblage of ticketed motorists prior to hearing any traffic cases. Such motorists are usually unrepresented by counsel and the opening statement should assist them in understanding court procedures as well as their rights. An opening statement may properly cover the procedure to be followed when a defendant's name is called by the clerk, the necessity of entering a plea and the types of pleas available, the possible results of each plea, basic trial procedure including the procedures to be followed once the case is concluded, and the rights of the defendant. A short lecture on the importance of traffic safety may also be in order. See Florida Traffic Court Manual 18-19 (1974).
It is quite another matter, however, for the judge or hearing officer to deliver a law lecture, as in this case, on alleged frivolous defenses to traffic charges or indicate in any way that he or she might be displeased with the assertion of certain defenses or the entry of a not guilty plea. To do so constitutes a basis for recusal of the judge or hearing officer to sit on any subsequent traffic matter as it casts a cloud on his or her impartiality.
Beyond that, the judge's statements in this case on the law of rear-end collisions compounds the already sufficient grounds for the judge's recusal herein. He clearly pre-judged the case by stating he would entertain only one defense to a traffic offense involving a rear-end collision, total brake failure. Although this was slightly modified later, the respondent Steele did not get a fair hearing on the defense which he presented since it did not fit the judge's preconception as to what a proper defense in this case would be.
The respondent was charged with violating Section 316.030, Florida Statutes (1975), which provides as follows:
"(1) Any person operating a vehicle upon the streets or highways within the state shall drive the same in a careful and prudent manner, having regard for the width, grade, curves, corners, traffic, and all other attendant circumstances, so as not to endanger the life, limb, or property of any person. Failure to drive in such manner shall constitute careless driving and a violation of this section.
(2) Any person found guilty of careless driving shall be punished as provided in s. 316.026."
A person is in violation of the above statute when he drives his vehicle in a careless or imprudent manner so as to endanger the life, limb, or property of any person, taking into consideration all the attendant circumstances including, but not limited to, the width, grade, curves, corners and traffic conditions. It is the duty of the traffic judge or hearing officer to determine whether the ticketed motorist is guilty of careless driving taking into consideration all the circumstances of the case.
A rear-end collision does not create a rebuttable presumption of guilt under the careless driving statute. Each case must be evaluated on its own facts based on all the attendant circumstances in determining whether the ticketed motorist failed to operate his vehicle "in a careful and prudent manner ... so as not to endanger the life, limb or property of any person." Section 316.030, Florida Statutes (1975). A rear-end collision is just one such attendant circumstance. So is brake failure or a sudden cut-off of the rear-ending motorist by another vehicle. We cannot begin to canvass all of the myriad attendant circumstances which daily confront a busy traffic judge or hearing officer in cases of this nature. But none of these circumstances, standing alone, either convicts or acquits a motorist charged under the statute. It is the duty of the trier of fact to weigh and evaluate all of the attendant circumstances, not to fasten upon one circumstance to the exclusion of all others. See Read v. Frizzell, 60 So.2d 172 (Fla. 1952); Padron v. State, 153 So.2d 745 (Fla. 3d DCA 1963).
*403 In the instant case, the respondent Steele contended that under all the circumstances of the case he was not guilty of careless driving. He asserted that the rear-end collision was unavoidable because of the sudden change of lanes by the van in front of him which suddenly revealed a stopped vehicle on a very busy thoroughfare and because of subsequent brake failure. We express no view on whether the evidence herein requires the respondent's conviction or acquittal of careless driving. Such an expression would not be in order as we are not the trier of fact. We do insist, however, that the respondent was entitled to have a fair and impartial hearing officer evaluate the entire case with an open mind based on all of the attendant circumstances.
The judge, therefore, committed reversible error in refusing to recuse himself at the request of the respondent. The circuit judge in reversing the traffic judgment herein did not depart from the essential requirements of the law.

III
The State argues that it was harmless error for the judge, even if he was not impartial, to sit in this case because the evidence was more than sufficient to sustain the careless driving conviction. The flaw in this contention is that any argument based on sufficiency of the evidence as a predicate for harmless error presupposes that an impartial judge evaluated the evidence at the trial level and found against the party appealing the judgment. We cannot make that supposition in this case. Any error based on the lack of impartiality of the trier of fact constitutes a denial of due process and, accordingly, is per se reversible error. Crosby v. State, 97 So.2d 181 (Fla. 1957); Rockett v. State, 262 So.2d 242 (Fla. 2d DCA 1972); Skelton v. Beall, 133 So.2d 477 (Fla. 3d DCA 1961). See Traynor, The Riddle of Harmless Error 64-65 (1970).
The refusal of the judge to recuse himself in the traffic proceeding herein constituted reversible error. The circuit court did not depart from the essential requirements of law in reversing the conviction and remanding the cause for a new trial before a different hearing officer. The petition for a writ of certiorari is, therefore, denied.