ANSTEAD, Judge.
This is an appeal from a final judgment entered in favor of the appellee, Haynes Williams, a real estate broker, on his action against appellant, Viking Communities Corp., for a broker’s commission on the sale of real estate owned by appellant.
Prior to a scheduled jury trial Viking filed a motion asking the trial judge to excuse himself from presiding over the case due to his relationship with the appellee Williams who had served as clerk of the trial court for many years. The trial judge had previously excused himself from presiding over marriage dissolution proceedings involving Williams. In considering the motion the trial judge indicated that he would excuse himself if the case was tried without a jury. However, since the case was to be tried by a jury, he felt that he could continue on the case and rule on issues of law. In his order denying appellant’s motion the court stated:
The Court, however, provides that it will recuse itself in the event that the trial in this case is a non-jury trial, but the Court finds that, in the event of a jury trial, there is no basis for recusation.
A trial judge’s role in the conduct of a case, whether ultimately tried before *1031 the judge or a jury, is of such significance that the parties are entitled to the same high standard of neutrality from the judge. Dickenson v. Parks, 104 Fla. 577, 140 So. 459 (1932). Although the appellant has neither alleged nor cited any instances of actual prejudice in the proceedings below, we believe that the trial judge erred in failing to excuse himself once he decided that it would be necessary to grant the motion if the case was to be decided without a jury. The appellee also challenged the technical sufficiency of the affidavits and other supporting proof offered by appellant on this matter. However, we believe any issue as to the sufficiency of proof was rendered moot by the trial judge’s ruling indicating disqualification would be necessary in a non-jury proceeding.
The appellant has also challenged the sufficiency of the evidence. We have reviewed the record and find that the proof presented was sufficient to submit the case to the jury for determination.[1]
Accordingly, this cause is hereby reversed and remanded for a new trial in accordance with the terms of this opinion.
POWELL, ROM W., Associate Judge, concurs.
LETTS, C. J., dissenting in part and concurring in part.

. We have also considered the point discussed by Judge Letts in his dissent. Judge Letts fails to note that there was evidence presented that the “unlicensed prospect” acted as the agent for the purchaser rather than as agent for seller or broker, and that the “unlicensed prospect” was paid a substantial fee by the purchaser and received no compensation from the seller or the broker.