417 So.2d 1108 (1982)
William T. IRWIN and Kathleen N. Irwin, Petitioners,
v.
The Honorable Paul M. MARKO, III, Judge of the Circuit Court of the Seventeenth Judicial Circuit, Respondent.
No. 82-756.
District Court of Appeal of Florida, Fourth District.
August 11, 1982.
Klein & Bennett, Sarasota, for petitioners.
Jim Smith, Atty. Gen. and Kent A. Zaiser, Asst. Atty. Gen., Tallahassee, for respondent.
Edna L. Caruso, West Palm Beach, for Walden & Walden, Dania, and S. Robert Zimmerman, Pompano Beach, as amicus curiae.
Before HUBBART, C.J., and BARKDULL and HENDRY, JJ.
PER CURIAM.
This is an original petition for a writ of prohibition filed by the petitioners, William T. and Kathleen N. Irwin [the respective parties in a marriage dissolution action since voluntarily dismissed] which seeks to prohibit the respondent trial judge, Paul M. Marko, III, from entertaining any further jurisdiction in the cause, wherein a motion is presently pending to set attorney's fees for the wife Kathleen N. Irwin's former counsel. We have previously held that the voluntary dismissal of this cause did not deprive the trial court of jurisdiction to entertain the motion to set attorney's fees and, on that basis, directed the trial court to entertain the said motion. Irwin v. Marko, 408 So.2d 677 (Fla. 4th DCA 1981).
It is now urged by the petitioners that the respondent Marko is disqualified by reason of bias and prejudice from entertaining any further jurisdiction herein based, in *1109 part, on certain comments made by the respondent Marko on the record in this action. We have previously issued a rule nisi in this cause, the respondent Marko has filed a response, and the wife's former counsel, as amicus curiae, has also filed a response. Upon consideration of the petition, responses and supporting record, we conclude that the petition for writ of prohibition should be granted and direct that the respondent Marko recuse himself from exercising any further jurisdiction in this cause.
It is clear that the respondent Marko has made certain comments on the record in this cause indicating that he intends to grant the subject motion for attorney's fees and to award an amount in the six figures; these comments were made prior to any hearing below on the said motion. As such, we think the respondent judge has created the appearance of having prejudged the attorney's fee issue in advance of hearing it and, accordingly, is required by our law to recuse himself. See e.g., State v. Steele, 348 So.2d 398 (Fla. 3d DCA 1977), and authorities collected. Indeed, this appearance of impropriety is compounded by the fact that the respondent judge has declined to rule in any way on the motion to disqualify himself filed by the petitioners in this cause. A writ of prohibition, therefore, lies to restrain the respondent from further exercising jurisdiction in this cause. Dickenson v. Parks, 104 Fla. 577, 140 So. 459 (1932); Brown v. Rowe, 96 Fla. 289, 118 So. 9 (1928); State ex rel. Arnold v. Revels, 113 So.2d 218 (Fla. 1st DCA 1959).
We grant the petition for writ of prohibition, but assume it will be unnecessary to issue the formal writ. We are confident that the respondent Marko will, upon receipt of this opinion, recuse himself from this cause and the cause, thereafter, will be reassigned to a new trial judge according to the established administrative procedures utilized in the Circuit Court for the Seventeenth Judicial Circuit of Florida.
It is so ordered.