UPCHURCH, Chief Judge.
Petitioners seek a writ of prohibition to disqualify a trial judge from acting further in a civil proceeding. The Judge denied the motion to disqualify as being legally insufficient and then proceeded to answer petitioners’ allegations. The motion to disqualify complied with requirements of Florida Rule of Civil Procedure 1.432 and section 38.10, Florida Statutes (1985). Petitioners’ sworn motion indicated that they were convinced they would not receive a fair hearing on the pending matters and alleged:
(1) the judge, after a verdict and at the hearing on the motion to tax costs, labeled petitioners’ expert as evasive — the most evasive witness he has ever seen;
(2) at the same hearing, the judge stated petitioner Jerry Lake should share in the title of most evasive witness;
(3) the judge, after the hearing, indicated he was pleased he didn’t have to do any more of these ‘heart balm’ cases (wrongful death cases brought by parents of deceased infants) and that *760 he could handle cases involving people with actual damages;
(4) the judge allegedly also said to counsel as he was leaving, ‘I am sorry I met you in this trial. I wish you had not filed it in my court.’
Section 38.10, Florida Statutes (1985) provides:
Whenever a party to any action or proceeding makes and files an affidavit stating that he fears he will not receive a fair trial in a court where the suit is pending on account of the prejudice of the judge of that court ... the judge shall proceed no further but another judge shall be designated.[1] (emphasis added).
Florida Rule of Civil Procedure 1.432(d) provides:
The judge against whom the motion is directed shall determine only the legal sufficiency of the motion. The judge shall not pass on the truth of the facts alleged. If the motion is legally sufficient, the judge shall enter an order of disqualification and proceed no further in the action.
In his order on disqualification, the trial judge attempted to refute the allegations of the motion. This he cannot do; therefore, he exceeded the proper scope of his inquiry and on that basis established sufficient grounds for his disqualification. Bundy v. Rudd, 366 So.2d 440 (Fla.1978); A.T.S. Melbourne, Inc. v. Jackson, 473 So.2d 280 (Fla. 5th DCA 1985).
Respondent contends that the disqualification came too late because the only thing remaining was a motion for new trial. A motion for new trial, however, is something “further” and the rule clearly provides that the judge “shall proceed no further.” [2]
WRIT OF PROHIBITION GRANTED.
DAUKSCH, J., concurs.
SHARP, J., dissents with opinion.

. The statute also provides: "Every such affidavit shall state the facts and the reasons for the belief that any such bias or prejudice exists and shall be accompanied by a certificate of counsel of record that such affidavit and application are made in good faith.”

. See Irwin v. Marko, 417 So.2d 1108 (Fla. 4th DCA 1982) (where a writ of prohibition was granted to restrain a judge from hearing a motion for attorney’s fees after the cause had been voluntarily dismissed).