SHARP, Judge,
dissenting.
I would deny the petition for writ of prohibition because all that remained to be accomplished by the trial judge at the time the motion for disqualification was filed was a ruling on the petitioner's motion for new trial. In this case petitioner failed to affirmatively show that the grounds for new trial concerned any points not previously considered by the trial judge. Therefore, the errors described in the petition are matters properly reviewable on appeal. They cannot be ruled upon by a successor trial judge, should this one be disqualified. Boeing v. Merchant, 397 So.2d 399 (Fla. 5th DCA 1981); review denied, 412 So.2d 468 (Fla.1982); Groover v. Walker, 88 So.2d 312 (Fla.1956).[1]
It appears to me the appointment of a new trial judge at this point in the proceedings is a useless act, and one which will not contribute to the final resolution of this cause. Better Construction, Inc. v. Camacho Enterprises, 311 So.2d 766, 767 (Fla. 3rd DCA), cert. denied, 325 So.2d 8 (Fla.1975). However, I agree with the majority that had an appeal been pursued and a new trial ordered by the appellate court, petitioner should have been permitted to seek to disqualify if retrial of the case was assigned to the same trial judge. See Sikes v. Seaboard Coast Lines Railroad Co., 429 So.2d 1216 (Fla. 1st DCA), review denied, 440 So.2d 353 (Fla.1983). At this point the petition to disqualify comes too *761 late. See Fischer v. Knuck, 497 So.2d 240 (Fla.1986).

. Consistent with this view is the majority’s reference to Irwin v. Marko, 417 So.2d 1108 (Fla. 4th DCA 1982). In Irwin, the subsequent appointment of a successor judge to hear a motion for attorney’s fees was proper since attorney’s fees had not been previously considered at trial.