# VON YEAGER v STATE OF FLORIDA

Case No. AP89-36 (Lower Court Case No. TO88-147441)

Ninth Judicial Circuit, Orange County

June 17, 1991

### APPEARANCES OF COUNSEL

**Robert L. Thomas, Esquire,** for appellant.

Office of the State Attorney (no appearance for appellee).

Before LAWRENCE R. KIRKWOOD, Circuit Judge.

### OPINION OF THE COURT

This is an appeal from a determination of infraction. On May 5, 1989, the trial court found that Appellant Yeager had committed the traffic infraction of Careless Driving (Florida Statutes § 316.1925). Yeager was traveling down Interstate "4" near Maitland overpass, five to ten miles per hour in bumper to bumper traffic, which was starting and stopping. The automobile in front of Yeager stopped and he hit the rear of that vehicle.

It is the duty of the judge to make a determination as to the infraction, taking into consideration all of the attendant circumstances in the case. A rear-end collision does not create a rebuttable presumption of a determination under the careless driving statute. Each case must be evaluated on its own facts based on all the attendant circumstances. A rear-end collision is just one such attendant circumstances. The appellate court cannot begin to canvas all of the myriad attendant circumstances which daily confront judges hearing traffic cases. *State v Steele,* 348 So.2d 398, 402 (3d DCA 1977).

Florida Statutes Section 316.1925(1) is set out as follows:

Any person operating a vehicle upon the streets or highways within the state shall drive the same in a careful and prudent manner, having regard for the width, grade, curves, corners, traffic, and all other attendant circumstances, so as not to endanger the life, limb, or property of any person. Failure to drive in such manner shall constitute careless driving and a violation of this section.

The trial judge analyzed, on the record, various facts and circumstances which went into the decision:

1. The trooper was a witness to the accident.

2. The trooper observed traffic and was there to keep motorists from driving in the emergency lane.

3. The trooper testified that the first car was driving in the right lane close to the emergency lane and within five feet of the car in front of it and no turn signal was used. The vehicle stopped abruptly when the trooper was noticed. Yeager was in the second vehicle and was "kind of close" or within one-half car length of the first car.

4. Yeager testified that he was in "stop and go" traffic. The car in front of him had put on a blinker and started like it was going into the right (emergency) lane, and then it stopped.

The appellate court can express no view on whether the evidence herein requires a determination of infraction. The appellate court is not the trier of fact, and without a complete lack of evidentiary foundation, the appellate court will not set aside the trial court's order. AFFIRMED, and the Clerk is directed to issue a Mandate forthwith.