LEVY, Judge
(dissenting).
I respectfully dissent. A careful review of the facts reveals that the petitioners’ motion to disqualify the trial judge was legally sufficient and thus the writ of prohibition should have been granted.
This case arises out of a lawsuit filed by Southern Air Transport, Inc., against petitioners Post-Newsweek Stations, Florida, Inc., d/b/a WPLG Television, et al., seeking damages for libel and slander. Southern Air Transport brought suit against the petitioners, which reported that Southern Air Transport’s planes and pilots were being used by the CIA to transport drugs in exchange for guns used to arm the Nicaraguan Contras.
The defendant petitioners subsequently sought discovery of certain Southern Air Transport documents seeking information that went to the truth of the complained broadcast and to determine whether Southern Air Transport was acting as an agent or instrumentality of the United States government. Southern Air Transport refused to comply with certain discovery requests on an the basis that the information sought was irrelevant to the case, and would constitute a national security violation. Two of Southern Air Transport’s principal officers also refused to answer certain questions posed during depositions on the same grounds. The petitioners then filed a motion to compel Southern Air Transport’s president to provide certain discovery, and Southern Air Transport filed a motion for protective order. At the hearing on the motions, Southern Air Transport argued that the information sought could not be disclosed for national security reasons and suggested that the court hold an in camera interview with Southern Air Transport’s president in order to determine the basis for the asserted national security privilege and the relevancy of the information.[1] Over the petitioners’ objections, the *432 trial court held an ex parte meeting with Southern Air Transport’s president during which the two conversed about the case for approximately one-quarter of an hour.[2] The petitioners’ defense counsel, the court reporter, and Southern Air Transport’s own counsel were all excluded during this in camera private meeting. Thereafter, the trial court denied the petitioners’ motion to compel stating: “Well, it is the nature of national security information and it is the nature of being immaterial and irrelevant in any event even it is it not determined to have been in the national interest or National Security Secrecy Act. So it does not make any difference either way.”
The petitioners then filed a motion to disqualify the trial judge asserting that they had a reasonable fear that they would not receive a fair trial in front of the trial judge because of his private communication with Southern Air Transport’s president. The trial court denied the motion and the petitioners sought a writ of prohibition from this Court to restrain the trial judge from presiding over the case.
A motion to disqualify a judge is legally sufficient if the attested facts demonstrate that a reasonably prudent person would be placed in fear of not receiving a fair and impartial trial. Livingston v. State, 441 So.2d 1083 (Fla.1983). As noted by the Florida Supreme Court in Livingston v. State, 441 So.2d at 1087:
The facts alleged in the motion need only show that “the party making it has a well grounded fear that he will not receive a fair trial at the hands of the judge.” [Brown v.] Dewell, 131 Fla. [566] at 573, 179 So. [695] at 697 [ (1938) ]. “If the attested facts supporting the suggestion are reasonably sufficient to create such a fear, it is not for the trial judge to say that it is not there.” [Davis v.] Parks, 141 Fla. [516] at 518, 194 So. [613] at 614 [(1939)]. Further, “it is a question of what feeling resides in the affiant’s mind and the basis for such feeling.” Dewell, 131 Fla. at 573, 179 So. at 697-98.
.... What is important is the party’s reasonable belief concerning his or her ability to obtain a fair trial. A determination must be made as to whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial.
Moreover, in ruling upon a motion to disqualify a judge, the role of the judge is limited to determining the sufficiency of the motion on its face and “a judge who is presented with a motion for his disqualification 'shall not pass on the truth of the facts alleged nor adjudicate the question of disqualification.’ ” Bundy v. Rudd, 366 So.2d 440, 442 (Fla.1978); Fla.R.Crim.P. 3.230(d). See also Dickenson v. Parks, 104 Fla. 577, 140 So. 459 (1932); Suarez v. State, 95 Fla. 42, 115 So. 519 (1928); Theo. Hirsch Co. v. McDonald Furniture Co., 94 Fla. 185, 114 So. 517 (1927); Lake v. Edwards, 501 So.2d 759 (Fla. 5th DCA 1987). Once a party has attested to a reasonable fear that a fair trial will not be received, a judge “has no right to pass upon the truth or falsity of the facts alleged therein”, and if the potential prejudice of a judge is “predicated on grounds with a modicum of reason, the judge against whom raised should be prompt to recuse himself. No judge under any circumstances is warranted in sitting in the trial of a cause whose neutrality is shadowed or even questioned.” Dickenson v. Parks, 204 Fla. 577 at 582, 140 So. 459 at 462 (1932).
The petitioners filed affidavits stating that the ex parte communication that occurred in this case caused them to fear that they would not receive a fair trial. Especially in light of the fact that no record was made of this private meeting, and no one other than the president of Southern Air Transport and the judge were present, I would find that it was reasonable for the petitioners to fear that they would not receive a fair trial, that the motion for disqualification was legally sufficient, and *433 therefore that the trial judge should have granted the motion to disqualify and recuse himself from the case. A finding to the contrary would, in my view, diminish public confidence in the juudicial system as a whole. As the Florida Supreme Court so eloquently stated in In re Trettis, 577 So.2d 1312, 1313 (Fla.1991), “[f]or the court system to properly fulfill its role in today’s society, it is absolutely essential to maintain public confidence in the dignity, integrity, and impartiality of the judiciary.”
Accordingly, for the reasons stated above, I would grant the writ of prohibition. Furthermore, since the trial court failed to make any kind of record of what information was received during the “in camera ” conversation with the president of Southern Air Transport, Inc., there is no way that the Court can make any meaningful determination as to the correctness, or lack of correctness, of the trial court’s ruling with regard to the discovery in question. Consequently, this Court is left without the ability to make a determination as to whether the trial court abused its discretion and/or departed from the essential requirements of the law when it granted protection from discovery being sought by Southern Air Transport, Inc. The foregoing circumstances, in and of themselves, mandate that this Court also grant the Petition for Writ of Certiorari.
Naturally, for all of the foregoing reasons, I feel that, in addition to this Court being obligated to grant the petitioner’s petition for writ of prohibition and petition for writ of certiorari, the petitioner’s request to stay the trial should be granted. I feel that the record in this case clearly demonstrates that it amounts to a manifest injustice to require the petitioner to proceed to trial with the case in the above-described posture.

. Specifically, Southern Air Transport suggested that:
Mr. Langton will provide the court, in camera, the secret information relating to the military contract sought by Post-Newsweek. Thus, the court will be able to confirm that the information sought has no relevance to the case or that any relevance is outweighed by national security considerations.
There was no showing that the trial judge to whom the information was to be disclosed had any security clearance himself, or was otherwise entitled to receive the "secret information.”

. The record reflects that the trial judge made the following statement: "I will talk to this gentleman here [Southern Air Transport’s president] and find out what he says. I will do it in-camera.” Southern Air Transport’s counsel then asked, "Should we leave sir?,” facilitating the ex parte proceeding.