785 So.2d 512 (2000)
Pauline McQUEEN, Appellant,
v.
Thelma S. ROYE a/k/a Thelma McDonald and Frederick McDonald, Appellees.
No. 3D99-2886.
District Court of Appeal of Florida, Third District.
June 14, 2000.
*513 Andrew B. Rosenblatt, Miami, for appellant.
No appearance for appellees.
Before JORGENSON, GERSTEN, and RAMIREZ, JJ.
PER CURIAM.
Appellant Pauline McQueen ("plaintiff"), appeals an adverse summary judgment order in an automobile negligence action, and also appeals an order denying her motion for recusal. We reverse both orders.
The plaintiff, injured in a car accident, sued both the owner of the car, appellee Thelma Roye, and the driver, her son, appellee Frederick McDonald. Roye and McDonald (hereafter collectively referred to as "defendants") denied the allegations, alleging inter alia that the plaintiff's injuries resulted from the intervening cause that the car was entrusted to a mechanic and was stolen. The defendants sought summary judgment claiming that the car was in the possession of a mechanic at a body shop.
The plaintiff opposed summary judgment submitting a police report showing that the car was reported stolen two hours after the accident occurred. The plaintiff further submitted the deposition testimony of the body shop owner, who stated the *514 defendants' car was not in the body shop, and that the mechanic was not an employee. In April of 1999, the trial court denied the defendants' joint summary judgment motion.
Thereafter, the defendants' insurance company advised the court it was no longer willing to defend the defendants. The defendants' lawyer sought and was granted leave to withdraw from the case.
In October of 1999, the defendants appeared pro se at a calendar call and stated they were uninsured. The trial court questioned the plaintiff about the theory of the case and why an action had been brought against uninsured parties. The trial court indicated that proceeding to trial against uninsured motorists was a waste of time, and then stated the plaintiff could not have a jury trial.
Six days later, the plaintiff filed a motion for recusal. The plaintiff's verified motion stated she did not believe she would receive a fair trial based upon the trial court's comments at the calendar call with regard to bringing lawsuits against uninsured parties. The motion further stated that plaintiff's counsel had provided legal services and advice to the trial judge's brother, and that the trial judge had previously sua sponte recused himself in another case handled by the plaintiff's counsel.
The trial court denied the recusal motion. The trial court then vacated its prior order denying summary judgment, and entered an order granting final summary judgment for the defendants.
We first address the denial of the plaintiff's motion to recuse. Recusal is appropriate where one of the parties or their counsel had dealings with a relative of the court, see Lytle v. Rosado, 711 So.2d 213 (Fla. 3d DCA 1998), or whenever "a modicum of reason" suggests that a judge's prejudice may bar a party from having his or her day in court, see State v. Steele, 348 So.2d 398, 401 (Fla. 3d DCA 1977). See also Crosby v. State, 97 So.2d 181 (Fla.1957)(recusal appropriate where trial judge stated he was not going to "waste" any more time with the appellant); Lewis v. State, 530 So.2d 449 (Fla. 1st DCA 1988)(recusal appropriate where trial court advised defense counsel it did not want to hear anymore third degree felony cases).
Here, the plaintiffs verified motion set forth specific statements and circumstances reflecting a well-founded fear that she would not receive a fair and impartial trial before this trial judge. The function of the trial court is limited to a determination of the legal sufficiency of an affidavit, without reference to its truth and veracity. See Crosby v. State, 97 So.2d 181 (Fla.1957). Since the facts set forth in the motion are legally sufficient, it should have been granted. See Livingston v. State, 441 So.2d 1083 (Fla.1983); Levine v. State, 650 So.2d 666 (Fla. 4th DCA 1995).
Turning to the merits, a party moving for summary judgment must conclusively show the absence of any genuine issue of material fact, see Holl v. Talcott, 191 So.2d 40 (Fla.1966), and the trial court must draw every possible inference in favor of the party against whom summary judgment is sought, see Moore v. Morris, 475 So.2d 666 (Fla.1985). A trial court is required to deny summary judgment where even the slightest doubt exists regarding the existence of material issues. See Monroe County v. New Port Largo, Inc., 441 So.2d 173 (Fla. 3d DCA 1983).
This record reveals questions of material fact as to whether the car was stolen before or after the accident, and whether the car was under the control of a repair shop. The defendants have not met *515 their burden of proof of conclusively showing the absence of a genuine issue of material fact, and thus entry of summary judgment was improper. See Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla.1977); Sun Chevrolet, Inc. v. Crespo, 613 So.2d 105 (Fla. 3d DCA 1993); Florida East Coast Ry. v. Metro. Dade County, 438 So.2d 978 (Fla. 3d DCA 1983).
Accordingly, the orders denying the plaintiff's motion to recuse and granting summary judgment in favor of the defendants are reversed. The case is remanded with instructions to reassign this case to another judge and, when at issue, to set the matter for trial.
Reversed and remanded with instructions.