PER CURIAM.
Petitioner, Elizabeth Kates, seeks a writ of prohibition following an order denying her motion' to disqualify the trial judge. Upon review of the verified motion, we conclude that Petitioner is entitled to the writ.
According to Petitioner, the judge made the following comments in court, without a court reporter, at the start of, during, and at the conclusion of the hearing for temporary alimony and attorney’s fees:
Why are you here. Why hasn’t this settled. It’s been 19 months.... This is a short-term marriage, and they’re not his kids.
[[Image here]]
This isn’t an alimony case. There’s no child support. This is only an equitable distribution case. There are no marital assets, only debts. Why haven’t you gone to mediation and settled this?
[[Image here]]
What are you doing here? You should feel lucky because if I were to give you any alimony, that would mean he was paying your mortgage and I would have to give him a special equity in your house.
* * *
She has a J.D. and an L.L.M. There’s nothing to rehabilitate. What kind of education does she think she needs? She’s not entitled to rehabilitative alimony. She’s not going to get any rehabilitative alimony.
[[Image here]]
She’s a lawyer and he’s a computer security analyst. Why isn’t she working.
Petitioner further alleged that the trial judge, when informed that a lengthy mediation had taken place, responded:
Well, I’m not going to be giving her anything, not fees or alimony. I’m ordering nothing. So now you know where this case is going to go and handle it accordingly.
A motion to disqualify is legally sufficient if it alleges facts that would create in a reasonably prudent person a well- *58 founded fear of not receiving a fair and impartial trial. See MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332, 1334 (Fla.1990).
While a trial judge may form mental impressions and opinions during the course of hearing evidence in a case, the judge is not permitted to pre-judge the case. Leslie v. Leslie, 840 So.2d 1097, 1098 (Fla. 4th DCA 2003)(citing Barnett v. Barnett, 727 So.2d 311, 312 (Fla. 2d DCA 1999)). In Irwin v. Marko, 417 So.2d 1108, 1109 (Fla. 4th DCA 1982), this court said:
It is clear that the respondent Marko has made certain comments on the record in this cause indicating that he intends to grant the subject motion for attorney’s fees and to award an amount in the six figures; these comments were made prior to any hearing below on the said motion. As such, we think the respondent judge has created the appearance of having prejudged the attorney’s fee issue in advance of hearing it and, accordingly, is required by our law to recuse himself. See, e.g., State v. Steele, 348 So.2d 398 (Fla. 3d DCA 1977), and authorities collected.
See also Martin v. State, 804 So.2d 360 (Fla. 4th DCA 2001); Gonzalez v. Goldstein, 633 So.2d 1183, 1184 (Fla. 4th DCA 1994).
Respondent points out that the judge did not make the alleged comments prior to the presentation of evidence; rather, made her findings “after the parties’ presentation.” Taking the motion’s sworn allegations of fact as true, the comments were made during a hearing for temporary support. If true, the comments create an appearance that the judge has pre-judged Petitioner’s claim for rehabilitative and permanent alimony, issues that were not before the court at the hearing for temporary relief.
Petitioner has demonstrated entitlement to prohibition relief. Therefore, we grant the petition but withhold issuance of the actual writ on the presumption that the trial judge will voluntarily comply with this court’s opinion and a successor judge will be appointed.
STONE, KLEIN and TAYLOR, JJ„ concur.