PER CURIAM.
In an indirect criminal contempt case arising from a marital dissolution case, the husband seeks a writ of prohibition following the denial of his verified motion to disqualify the circuit judge. The circuit judge denied the motion, finding that the motion was untimely and legally insufficient. We grant the petition and remand for the clerk to reassign the indirect criminal contempt case to another circuit judge.
The motion was both timely and legally sufficient. “A motion to disqualify shall be filed within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion and shall be promptly presented to the court for an immediate ruling.” Fla. R. Jud. Admin. 2.330(e) (2010). Here, the husband filed the motion within ten days of the date on which the indirect criminal contempt case was transferred to the circuit judge. The husband could not have filed the motion any earlier because the circuit judge was not presiding over the indirect criminal contempt case until the case was transferred to the circuit judge.
As for legal sufficiency, “[wjhile a trial judge may form mental impressions and opinions during the course of hearing evidence in a case, the judge is not permitted to pre-judge the case.” Kates v. Seidenman, 881 So.2d 56, 58 (Fla. 4th DCA 2004) (citations omitted). Here, the circuit judge’s comments in the marital dissolution case, effectively stating that the husband should be convicted in the indirect criminal contempt case, were made before the indirect criminal contempt case was transferred to the judge and go beyond mere impressions and opinions. Instead, the comments created a well-grounded fear of having pre-judged the merits of the indirect criminal contempt case. See Wargo v. Wargo, 669 So.2d 1123, 1124 (Fla. 4th DCA 1996) (“[A] party seeking to disqualify a judge need only show ‘a well grounded fear that he will not receive a fair trial at the hands of the judge. It is not a question of how the judge feels; it is a question of what feeling resides in the affiant’s mind and the basis for such feeling.’ ”) (citations omitted).
Accordingly, we grant the petition for writ of prohibition and remand for the clerk to reassign the indirect criminal contempt case to another circuit judge. We withhold formal issuance of the writ on the assumption that the current circuit judge will comply with this opinion. This opinion has no bearing upon the circuit judge’s *1265 ability to continue hearing the marital dissolution case.

Petition granted.

GROSS, C.J., POLEN and GERBER, JJ., concur.