703 So.2d 1191 (1997)
Max BROFMAN, Petitioner,
v.
FLORIDA HEARING CARE CENTER, INC. and Richard Navarro, jointly and severally, Respondents.
No. 97-3424.
District Court of Appeal of Florida, Fourth District.
December 24, 1997.
*1192 Reed S. Tolber of Reed Stewart Tolber, P.A., Fort Lauderdale, for petitioner.
No appearance for respondents.
STEVENSON, Judge.
This is a petition for writ of prohibition wherein the petitioner seeks disqualification of the trial judge assigned to the civil suit which petitioner brought under the hate crime statute. The petition is predicated on a "joke" concerning petitioner's cause of action allegedly made by the trial judge at a motion hearing. Petitioner filed a motion to disqualify below, supported by his affidavit that the remark caused him to fear that he would not receive a fair trial from the trial judge. The trial judge denied the motion as legally insufficient. We disagree and grant the writ.
The test for determining the legal sufficiency of a motion for disqualification is whether "the facts alleged (which must be taken as true) would prompt a reasonably prudent person to fear that he could not get a fair and impartial trial." Hayslip v. Douglas, 400 So.2d 553, 556 (Fla. 4th DCA 1981). We believe that the remarks in the instant case could have led petitioner to reasonably believe that the trial judge viewed the allegations in the lawsuit, in particular petitioner's claims that he was beaten because of his religion, as trifling or even farcical and that a full and fair hearing could not be obtained before that judge.[1] While the trial judge may have meant the remark to be a joke, rather than a reflection on his belief as to the merits of the petitioner's complaint, the standard is the reasonable effect on the party seeking disqualification, not the subjective intent of the judge. See State ex rel. Brown v. Dewell, 131 Fla. 566, 573, 179 So. 695, 697-98 (1938), quoted in Hayslip, 400 So.2d at 556. Jokes by the trial judge are a risky venture in any event, and the closer the joke to the subject matter of the litigation, the greater the risk that the attempted humor will, in one way or another, be inappropriate.
Accordingly, we grant the petition for writ of prohibition and remand this case for assignment to a different trial judge.
GROSS, J., and PARIENTE, BARBARA J., Associate Judge, concur.
NOTES
[1] We see no need to reproduce the text of the joke here. While the joke was not particularly offensive to race or religion, it was not particularly funny either.