HARRIS, J.
This case involves allegations of domestic violence which, according to the wife, occurred in the presence of the children. The husband denies the allegations and intends to call the children (one or more of them) as witnesses in the matter. Child custody issues involving allegations of misconduct by the wife in the presence of the children (using derogatory and vulgar terms in demeaning the father) would also likely involve the children as witnesses. During preparation for trial, the husband asserts by affidavit, he learned of the trial judge’s strong disapproval of using children as witnesses in domestic litigation. He has attached a deposition from another case in which his point is made. In that deposition, the court stated:
Amanda is almost 18 years old. I don’t like to see children testify but I’m willing to speak with her if the parties agree that I can speak with her. Otherwise, she’s going to end up being a witness, and anybody I find that puts a child on a witness stand, I have to look at it not too casually.
[[Image here]]
And a lot of times there’s a push and a pull between the parents when litigating a divorce, but I don’t think any parent that is worth anything wants their child to be sitting in a courtroom ... you don’t have to make a decision, but if you’re really responsible parents and acting first in the best interest of your children and then really acting in your own best interest, without a hidden agenda, then you may start acting differently towards each other.
The husband moved for disqualification of the judge because he believes he cannot properly present his defense or his case for custody without one or more of the children as witnesses. He is concerned that the court “will hold it against him” if he calls the children to the stand. The court denied his motion to recuse because the statements in the previous case were made some time earlier and the husband’s lawyer was also involved in that case and should have filed the motion earlier. The husband responds that his lawyer did not advise him of the court’s announced position until it became evident that the children would have to be called as witnesses and that he timely filed the motion thereafter. This is undisputed in this record. Under the circumstances, we agree that disqualification should be granted. Accordingly, we grant the petition and issue the writ of prohibition.
PETITION GRANTED.
THOMPSON, J„ concurs. DAUKSCH, J., concurs specially, with opinion.