767 So.2d 626 (2000)
ROYAL CARIBBEAN CRUISES, LTD., a Liberian corporation, Petitioner,
v.
Jane DOE and her spouse, John Doe, Respondents.
No. 3D00-2148.
District Court of Appeal of Florida, Third District.
September 27, 2000.
Kaye, Rose & Partners, LLP, Miami; Hicks, Anderson & Kneale, P.A., Miami, and John A. Greco, Miami, for petitioner.
James M. Walker, Miami, for respondents.
Before JORGENSON, COPE and GODERICH, JJ.
COPE, J.
Royal Caribbean Cruises, Ltd., petitions for a writ of prohibition, contending that the trial judge should have disqualified herself. We agree and grant the petition.
Plaintiff Jane Doe brought suit against Royal Caribbean, alleging that while on a Royal Caribbean cruise, a bartender put drugs in her drink and then sexually assaulted her. Her husband, John Doe, sued for loss of consortium.
Shortly after the lawsuit was filed, at a hearing on a discovery dispute, the court said:
THE COURT: You know, this is not the only case I have of sexual assaults on cruise ship lines. In fact, this topic has gotten so broad throughout the United States thatI even remember seeing some expose on the national news magazine shows, I don't know whatI get them all mixed up. I don't know whether they're Dateline, 20/20, or 48 Hours, but it's there.
It's time that the cruise lines recognize human nature and the problem *627 and dealt with it instead of saying it doesn't exist.
(Emphasis added).
Later in the hearing the court suggested that discovery matters in the case be handled by a master, and, referring to the cruise line industry, said:
They have bitten the bullet, gone to the wall, all of the other things they want to say, I'm not sure that that's a wise corporate policy, but that's their choice, and they're entitled to do it.
And my observation, from all ofand it's not just them because I'm not exactly sure whatoh, but in the cruise line industry, I find that discovery is a matter of course, it's like pulling eye teeth. They have obviously made that type of decision.
Royal Caribbean filed a motion for disqualification, which the trial court denied as legally insufficient and untimely, and this petition followed.
We think the quoted remarks are "`reasonably sufficient' to create a `well-founded fear' in the mind of a party that he or she will not receive a fair trial." Fischer v. Knuck, 497 So.2d 240, 242 (Fla. 1986) (citations omitted); see Dickenson v. Parks, 104 Fla. 577, 582, 140 So. 459, 462 (1932). The remarks suggest that the court has pre-existing unfavorable opinions about the management and litigation tactics of the cruise line industry. The remarks did not flow out of the judge's experiences in this particular case, which had just been filed. The motion was legally sufficient.
The plaintiffs argue that the motion was untimely because in a similar lawsuit against Royal Caribbean in 1996, Royal Caribbean moved for disqualification of the judge and the judge granted the motion. Plaintiffs argue that, upon learning that the instant case had fallen in front of the same judge, Royal Caribbean was obliged to move immediately for disqualification. Plaintiffs contend that, having failed to do so at the outset of the case, the later-filed motion for disqualification was untimely.
We reject this argument. Royal Caribbean did not ask for disqualification based on anything which happened in 1996 in the previous lawsuit. Royal Caribbean's complaint instead is about the remarks which the trial court made on the record in this case. Royal Caribbean timely filed its motion after the judge's statements. See Fla. R. Jud. Admin. 2.160(e).
Plaintiffs also complain about the form of the oath on the verified motion for disqualification. Assuming for purposes of discussion that there was any deficiency, it was cured by the additional affidavits which were filed.
We conclude that the trial judge should have withdrawn from the case. We grant the petition for writ of prohibition, but are confident it will be unnecessary to issue the writ.
Prohibition granted.