789 So.2d 1252 (2001)
Rosie VIVAS, Petitioner,
v.
HARTFORD FIRE INSURANCE COMPANY, Respondent.
No. 4D01-1844.
District Court of Appeal of Florida, Fourth District.
August 1, 2001.
*1253 Jay S. Weiss of Jay S. Weiss, P.A., Fort Lauderdale, for petitioner.
Hildy Herrera Sastre of Shook, Hardy & Bacon, L.L.P., Miami, for respondent.
KLEIN, J.
Petitioner seeks a writ of prohibition from an order denying her motion to recuse the trial judge. The verified motion to recuse alleges that the following occurred at a hearing:
Q. (Judge to Hildy Sastre) Where's Eddy Moss?
A. (Ms Sastre) Your Honor, I'm Hildy Sastre. I'm from Mr. Moss's firm here on behalf of Defendant, Hartford.
Q. (Judge) Well I could see you weren't Eddy. Did you know that he and I went to the same college together and were in the same fraternity in fact I was the Pledgemaster in the class where Eddy was a pledge of mine. Now you be sure and tell Eddy I want him in here at the trial of this case?
A. (Ms. Sastre) Yes your honor, I'll tell him.
The foregoing exchange was then interrupted by attention to the motion then pending after which the Judge said:
Q. (J. Fleet) You know there was this other case in which one of the lawyers was in my fraternity, and I disclosed this, and can you imagine, after I said this the other lawyer still agreed to a nonjury trial?
A. (Ms. Sastre) No response.
Several days later it was alleged that the following occurred at another hearing:
Q. Did you deliver the message I gave you to Eddy?
A. (Ms. Sastre) Yes, your honor.
Although it was unnecessary for the trial court to disclose that he was a fraternity brother of a member of a law firm, if their relationship amounted to nothing more than that, we agree with petitioner that the manner in which the court made the disclosure along with his other comments could reasonably have caused her to be concerned that the judge "would be biased in favor of Mr. Moss and against my case."
As Judge Stevenson observed in Brofman v. Florida Hearing Care Center, Inc., 703 So.2d 1191, 1192 (Fla. 4th DCA 1997):
While the trial judge may have meant the remark to be a joke, rather than a reflection on his belief as to the merits of the petitioner's complaint, the standard is the reasonable effect on the party seeking disqualification, not the subjective intent of the judge. See State ex rel. Brown v. Dewell, 131 Fla. 566, 573, 179 So. 695, 697-98 (1938), quoted in Hayslip[ v. Douglas], 400 So.2d [553] at 556 [(Fla. 4th DCA 1981)]. Jokes by the trial judge are a risky venture in any event, and the closer the joke to the subject matter of the litigation, the greater the risk that the attempted humor will, in one way or another, be inappropriate.
We grant the petition for writ of prohibition and remand for assignment to a different judge.
GROSS and HAZOURI, JJ., concur.