PER CURIAM.
 

 Petitioner seeks a writ of prohibition from an order denying her verified motion to recuse the trial judge. In determining the legal sufficiency of a motion for disqualification, the test is “whether ‘the facts alleged (which must be taken as true) would prompt a reasonably prudent person to fear that he could not get a fair and impartial trial.’ ”
 
 Brofman v. Fla. Hearing Care Ctr., Inc.,
 
 703 So.2d 1191, 1192 (Fla. 4th DCA 1997) (quoting
 
 Hayslip v. Douglas,
 
 400 So.2d 553, 556 (Fla. 4th DCA 1981)). While the alleged comments made by the trial judge may not have been intended to reflect on his beliefs as to the merits of the underlying claims, “the standard is the reasonable effect on the party seeking disqualification, not the subjective intent of the judge.”
 
 Vivas v. Hartford Fire Ins. Co.,
 
 789 So.2d 1252, 1253 (Fla. 4th DCA 2001) (quoting
 
 Brofman,
 
 703 So.2d at 1192). We agree with the petitioner that the alleged comments could reasonably have caused her to “fear that she would not receive a fair trial.”
 

 We grant the petition for writ of prohibition and remand for assignment to a different judge.