PER CURIAM.
 

 Petitioners seek a writ of prohibition, preventing the trial judge from conducting further proceedings in Petitioner’s casé. “A motion to recuse or disqualify a trial judge is legally sufficient when the alleged facts would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial.”
 
 Valdes-Fauli v. Valdes-Fauli,
 
 903 So.2d 214, 216 (Fla. 3d DCA 2005). A review of the verified motion to disqualify demonstrates that it is legally sufficient. The judge’s commentary concerning his personal experiences, when viewed in the context of, and at this stage of the proceeding, is sufficient to create in a reasonably prudent person a well-founded fear that he or she would not receive a fair hearing before this judge.
 
 See Miami Dade College v. Turnberry, Inv., Inc.,
 
 979 So.2d 1211 (Fla. 3d DCA 2008);
 
 Valdes-Fauli,
 
 903 So.2d 214;
 
 Kopel v. Kopel,
 
 832 So.2d 108 (Fla. 3d DCA 2002);
 
 Royal Caribbean Cruises, Ltd. v. Doe,
 
 767 So.2d 626 (Fla. 3d DCA 2000);
 
 Tindle v. Tindle,
 
 761 So.2d 424 (Fla. 5th DCA 2000). Accordingly, we grant the petition. We are confident that it will be unnecessary to issue a formal writ.
 

 PETITION GRANTED.
 

 MONACO, C.J., ORFINGER and COHEN, JJ., concur.