# Third District Court of Appeal

## State of Florida

Opinion filed March 9, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2879
Lower Tribunal No. 15-14365

_____

**Brenda Molina,**
Petitioner,

vs.

**Melvin Perez,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Hasbun & Mendoza and Maribel Mendoza, for petitioner.

Perez-Abreu & Martin-Lavielle and Andy W. Acosta, for respondents.

Before SUAREZ, C.J., and WELLS and SHEPHERD, JJ.

PER CURIAM.

Petitioner seeks a writ of prohibition from an order denying her verified motion to recuse the trial judge. In determining the legal sufficiency of a motion for disqualification, the test is "whether 'the facts alleged (which must be taken as

true) would prompt a reasonably prudent person to fear that he could not get a fair and impartial trial.'" Brofman v. Fla. Hearing Care Ctr., Inc., 703 So. 2d 1191, 1192 (Fla. 4th DCA 1997). In reviewing a petition based upon comments made by the trial court, "the standard is the reasonable effect on the party seeking disqualification, not the subjective intent of the judge." Vivas v. Hartford Fire Ins. Co., 789 So. 2d 1252, 1253 (Fla. 4th DCA 2001) (quoting Brofman, 703 So. 2d at 1192), (emphasis added).

In this case we agree with the petitioner that the alleged comments could reasonably have caused her to "fear that she would not receive a fair trial." As stated in Colarusso v. Colarusso, 20 So. 3d 985, 986 (Fla. 3d DCA 2009), "[t]he judge's decidedly negative commentary concerning his personal opinion of the petitioner's behavior, when viewed in the context of, and at this stage of, the dissolution proceeding, is sufficient to create in a reasonably prudent person a well-founded fear that he would not receive a fair hearing before this judge." See Miami Dade College v. Turnberry Inv., Inc., 979 So. 2d 1211 (Fla. 3d DCA 2008); Valdes–Fauli v. Valdes-Fauli, 903 So. 2d 214, 216 (Fla. 3d DCA 2005); Kopel v. Kopel, 832 So. 2d 108 (Fla. 3d DCA 2002); Royal Caribbean Cruises, Ltd. v. Doe, 767 So. 2d 626 (Fla. 3d DCA 2000); Tindle v. Tindle, 761 So. 2d 424 (Fla. 5th DCA 2000).

2

Accordingly, we grant the petition. We are certain that it will be unnecessary to issue a formal writ. Petition granted.