# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D18-1626

———————————————

DANA S. CANNON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————

On appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

July 9, 2019

PER CURIAM.

In *Cannon v. State*, 206 So. 3d 831 (Fla. 1st DCA 2016), we reversed the order denying Appellant's motion to set aside the denial of her rule 3.850 motion and remanded for an evidentiary hearing before a different judge on Appellant's claim that the judge who denied the rule 3.850 motion was biased against her based on an offhand comment the judge made about one of her attorneys. After the hearing on remand, the postconviction court entered a detailed order finding that the judge made the comment in jest; that the judge did not harbor any animus towards Appellant's attorney; and that there was no indication that the result of the postconviction proceeding was unreliable because the judge held a nine-hour evidentiary hearing on the rule 3.850 motion and explained his ruling in a detailed order that was per curiam

affirmed on appeal in *Cannon v. State,* 166 So. 3d 768 (Fla. 1st DCA 2015) (table). These findings are supported by competent substantial evidence, and based on the findings, we find no error in the court's denial of Appellant's motion to set aside the denial of her rule 3.850 motion.

That said, this case highlights why judges should avoid attempts at humor while on the bench, even if it is intended for the laudable purpose of reducing unnecessary tension in the courtroom. The judge's offhand comment here spawned years of postconviction litigation and multiple appeals in this case,[*] all of which could have been avoided if the judge had simply exercised a little self-restraint. We understand that some judges have a more relaxed style on the bench than others, but judicial humor is rarely as funny as the judge thinks it is, and judicial humor is never funny when it is at the expense of an attorney or a party. *See In re Kwan*, 2019 WL 2223543, at *3 n.1 (Utah 2019) ("It is an immutable and universal rule that judges are not as funny as they think they are. If someone laughs at a judge's joke, there is a decent chance that the laughter was dictated by the courtroom's power dynamic and not by a genuine belief that the joke was funny."); *Brofman v. Fla. Hearing Care Ctr., Inc.*, 703 So. 2d 1191, 1192 (Fla. 4th DCA 1997) ("Jokes by the trial judge are a risky venture in any event, and the closer the joke to the subject matter of the litigation, the greater the risk that the attempted humor will, in one way or another, be inappropriate."); *People v. Melton*, 750 P.2d 741, 753-54 (Cal. 1988) ("Well-conceived judicial humor can be a welcome relief during a long, tense trial. Obviously, however, the court should refrain from joking remarks which the jury might interpret as denigrating a particular party or his attorney.").

AFFIRMED.

LEWIS, WETHERELL, and M.K. THOMAS, JJ., concur.

---

[*] The comment also led to a remand for additional proceedings in a case involving the same judge and attorney but a different defendant. *See Alexander v. State*, 210 So. 3d 256 (Fla. 1st DCA 2017).

2

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Crystal McBee Frusciante, Sunrise, for Appellant.

Ashley Moody, Attorney General, and Virginia Harris, Assistant Attorney General, Tallahassee, for Appellee.