# Third District Court of Appeal

## State of Florida

Opinion filed September 1, 2021.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D21-0702
Lower Tribunal No. 17-921-K

————————————

**David Casner,**
Petitioner,

vs.

**Fury Management, Inc.,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Hoffman, Larin & Agnetti, P.A., and David L. Perkins and John B. Agnetti, for petitioner.

Horr, Novak & Skipp, P.A., and David J. Horr, Brian T. Scarry and Mitchell Issa, for respondent.

Before MILLER, LOBREE and BOKOR, JJ.

PER CURIAM.

Petitioner seeks a writ of prohibition from an order denying his sworn

motion to disqualify the trial judge. "In determining the legal sufficiency of a motion for disqualification, the test is 'whether "the facts alleged (which must be taken as true) would prompt a reasonably prudent person to fear that he could not get a fair and impartial trial."'" Molina v. Perez, 187 So. 3d 909, 909 (Fla. 3d DCA 2016) (quoting Brofman v. Fla. Hearing Care Ctr., Inc., 703 So. 2d 1191, 1192 (Fla. 4th DCA 1997)). While the comments made by the trial judge may not have been intended to reflect on his beliefs as to the merits of the underlying claims, "the standard is the reasonable effect on the party seeking disqualification, not the subjective intent of the judge." Haas v. Davis, 37 So. 3d 983, 983 (Fla. 3d DCA 2010) (quoting Vivas v. Hartford Fire Ins. Co., 789 So. 2d 1252, 1253 (Fla. 4th DCA 2001)). We agree with the petitioner that the comments could reasonably have caused him to fear that he would not receive a fair trial.

We grant the petition for writ of prohibition and remand for assignment to a different judge.