# Third District Court of Appeal

## State of Florida

Opinion filed December 22, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2042
Lower Tribunal No. 19-34200
_____

## Jorge Milan, etc., et al.,
Petitioners,

vs.

## John Fanning, et al.,
Respondents.

A Case of Original Jurisdiction –Prohibition.

Rhea P. Grossman (Fort Lauderdale), for petitioner Jorge Milan; Saul Ewing Arnstein & Lehr LLP, Angela C. de Cespedes, Hilda Piloto and Samuel E. Bordoni-Cowley, for petitioners South Florida Stadium LLC and Miami Dolphins Ltd.

Davis Goldman, PLLC, and Aaron P. Davis; Harris Appeals, P.A., Andrew A. Harris and Grace Mackey Streicher (Pam Beach Gardens); Robert Allen Law, P.A., and Adrian Z. Karborani, for respondent John Fanning.


Before HENDON, GORDO and BOKOR, JJ.

GORDO, J.

Petitioners seek a writ of prohibition from an order denying their sworn motions to disqualify the trial judge. "In determining the legal sufficiency of a motion for disqualification, the test is 'whether "the facts alleged (which must be taken as true) would prompt a reasonably prudent person to fear that he could not get a fair and impartial trial."'" Molina v. Perez, 187 So. 3d 909, 909 (Fla. 3d DCA 2016) (quoting Brofman v. Fla. Hearing Care Ctr., Inc., 703 So. 2d 1191, 1192 (Fla. 4th DCA 1997)). While the trial judge's comments may not have been intended to reflect his beliefs as to the merits of the underlying claims, "the question of disqualification focuses not on what the judge intended, but rather how the message is received and the basis of the feeling." Great Am. Ins. Co. of N.Y. v. 2000 Island Blvd. Condo. Ass'n, 153 So. 3d 384, 390 (Fla. 3d DCA 2014) (citing Livingston v. State, 441 So. 2d 1083, 1086 (Fla. 1983)). "While a trial judge may form mental impressions and opinions during the course of hearing evidence in a case, the judge is not permitted to pre-judge the case." Kates v. Seidenman, 881 So. 2d 56, 58 (Fla. 4th DCA 2004). It is clear from the transcript that the trial judge heard and saw evidence regarding the incident, but only Respondent's evidence. The trial judge's comments concerning that evidence, made before the petitioners even had an opportunity to present their argument "'could reasonably be interpreted to mean that the judge had crossed that

2

line from forming mental impressions to prejudging the issue.'" <u>1440 Plaza, LLC v. New Gala Bldg., LLC</u>, 314 So. 3d 555, 557 (Fla. 3d DCA 2020) (quoting <u>Barnett v. Barnett</u>, 727 So. 2d 311, 312 (Fla. 2d DCA 1999)).  We agree that the comments could reasonably have caused petitioners to fear that they would not receive a fair and impartial trial.

Petition granted.