# Third District Court of Appeal

## State of Florida

Opinion filed May 10, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0642
Lower Tribunal No. 21-2070-CP-02
_____

**Melissa Azrack, etc.,**
Petitioner,

vs.

**John M. McDonald, etc., et al.,**
Respondents.

A Case of Original Jurisdiction – Prohibition.

The Ferraro Law Firm, and Leslie B. Rothenberg; Barry S. Franklin & Associates, P.A., and Barry S. Franklin, for petitioner.

Kluger, Kaplan, Silverman, Katzen & Levine, P.L., and Bruce A. Katzen, Lauren S. Fallick, and Madeleine E. Gross; Samson Appellate Law, and Daniel M. Samson, for respondents.

Before SCALES, LINDSEY, and MILLER, JJ.

LINDSEY, J.

Before us is a petition for writ of prohibition seeking disqualification of the trial judge. Florida Rule of General Practice and Judicial Administration 2.330(e) sets forth the grounds for a motion to disqualify. Relevant here is the following: "the party reasonably fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge . . . ." Fla. R. Gen. Prac. & Jud. Admin. 2.330(e)(1). "The judge against whom an initial motion to disqualify under subdivision (e) is directed may determine only the legal sufficiency of the motion and shall not pass on the truth of the facts alleged. . . . If the motion is legally sufficient, the judge shall immediately enter an order granting disqualification and proceed no further in the action. Such an order does not constitute acknowledgement that the allegations are true." Fla. R. Gen. Prac. & Jud. Admin. 2.330(h). The test for legal sufficiency is whether the facts alleged, taken as true, would cause a reasonably prudent person to fear that he or she will not receive a fair trial or hearing. See Casner v. Fury Mgmt., Inc., 324 So. 3d 1029, 1029 (Fla. 3d DCA 2021). "[T]he standard is the reasonable effect on the party seeking disqualification, not the subjective intent of the judge." Id. at 1030 (quoting Haas v. Davis, 37 So. 3d 983, 983 (Fla. 3d DCA 2010)). We take no position on the allegations other than to acknowledge them as true for purposes of ruling on this petition. And a trial judge's determination similarly extends no

2

further than to do the same. Given this standard, the allegations, no matter how inflammatory or salacious, are not necessarily a reflection on the trial judge as they cannot be responded to, examined in the context of the motives of the trial judge, nor challenged via cross-examination.

Accordingly, based on the record before us, we are compelled to grant the petition, but we withhold issuance of the writ as we are confident the trial judge will comply.

Petition granted.